## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

_____

**In re:**

    **ROME FAMILY CORPORATION,**                                                                      Chapter 7 Case
                Debtor.                                                                                       # 02-11771

_____

**NANAK RESORTS, INC.,**
                Plaintiff,                            Filed & Entered
    v.                                                                     On Docket
                                                                           June 24, 2009                       Adversary Proceeding
**HASKINS GAS SERVICE, INC.,**                                                                                        # 07-1010
                Defendant.

_____

*Appearances:*   James B. Anderson, Esq.                                            Richard A. Lang, Jr., Esq.
                      Ryan, Smith & Carbine, Ltd.                                        Bauer, Gravel, Farnham,
                      Rutland, Vt.                                                                      Nuovo, Parker & Lang
                      *For the Plaintiff*                                                             Burlington, Vt.
                                                                                                                   *For the Defendant*

## ORDER
### GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
### GRANTING IN PART AND DENYING IN PART DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

        For the reasons set forth in the memorandum of decision of even date, IT IS HEREBY ORDERED that the Plaintiff's motion for summary judgment (doc. # 81) is granted, and the Defendant's cross-motion for summary judgment (doc. # 87) is denied with respect to ownership of the System (as that term is defined in the memorandum). The Defendant's cross-motion is granted to the extent that the Defendant has asserted a right to pursue relief based on equitable grounds – *i.e.*, whether there were notice and due process infirmities in the Debtor's filings and the Trustee's sale documents, as described in the memorandum of decision. In all other respects, the Defendant's cross-motion is denied.

        IT IS FURTHER ORDERED that if the Defendant wishes to pursue its notice and/or due process arguments and, in particular, wishes to seek a determination of whether the Sale Order should be vacated pursuant to Fed. R. Bankr. P. 9024 / Fed. R. Civ. P. 60(b), it shall file a motion specifically seeking that relief along with a memorandum of law by **July 10, 2009**; and if it does that, the deadline for the Plaintiff to file its opposition, supported by a memorandum of law, shall be **July 24, 2009**; and the due date for the Defendant's reply shall be **July 29, 2009**.

        SO ORDERED.

                                                                                                                                        _____

June 24, 2009                                                                                                                         Colleen A. Brown
Rutland, Vermont                                                                                                               United States Bankruptcy Judge